**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| X-MOBILE TECHNOLOGIES LLC, <br><br> Plaintiff, <br><br> v. <br><br> ZTE CORPORATION, <br> ZTE (TX) INC. <br> Defendants. | Civil Action No. 4:17-cv-696 <br><br> **PATENT CASE** <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT ZTE (TX), INC.'S MOTION TO DISMISS
FOR IMPROPER VENUE AND FAILURE TO STATE A CLAIM**

Because ZTE (TX) Inc. ("ZTX") does not reside in this District, has no regular and established place of business in this District, and is the improper entity to defend against the infringement allegations made by X-Mobile Technologies LLC ("Plaintiff"), ZTX moves to dismiss the Complaint against it in its entirety under Fed. R. Civ. P. 12(b)(3) and 12(b)(6).

**I. THERE IS NO VENUE OVER ZTX IN THIS DISTRICT AND ZTX MUST BE DISMISSED UNDER FED. R. CIV. P. 12(b)(3)**

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." *TC Heartland,* 137 S. Ct. at 1516 (2017) (quoting 28 U.S.C. § 1400(b)). In an action involving multiple defendants, venue and jurisdiction requirements must be met as to each defendant. *Magnacoustics, Inc. v. Resonance Technology Co.*, No. 97–1247, 1997 WL 592863, at *1 (Fed. Cir. Sept. 25, 1997).

Following the Supreme Court's decision in *TC Heartland* and the Federal Circuit's decision in *Cray*, and in light of Plaintiff's failure to specifically accuse ZTX of any infringing acts, venue does not lie in this District as to ZTX.

### A. ZTX Does Not Reside in This District

By the plain terms of the statute, patent infringement cases may be brought "in *the judicial district* where the defendant resides." 28 U.S.C. §1400(b) (emphasis added). The Supreme Court has consistently confirmed the clear principle that residence is established in *judicial districts*, not in entire states:

> [I]n a State containing more than one district, actions not local should "be brought in the district in which the defendant resides…." The whole purport and effect of [the then-venue statute at issue]… was not to enlarge, but to restrict and distribute jurisdiction. It applied only to a State containing two or more districts; and directed suits against citizens of such a State to be brought in that district thereof in which they… resided. It did not subject defendants to any new liability to be sued out of the State of which they were citizens, but simply prescribed in which district of that State they might be sued.

*Shaw v. Quincy Mining Co.,* 145 U.S. 444, 447-448 (1892). Thus, a corporation can "be sued *only in the State and district in which it has been incorporated*." *Id.* At 450 (emphasis added).

The Supreme Court confirmed that the principle announced in *Shaw* applied in patent cases through its interpretation of 28 U.S.C. §1400(b)'s predecessor (then, 28 U.S.C. (1940 ed.) §109) in *Stonite Products Co. v. Melvin Lloyd Co.,* 315 U.S. 561 (1942). Suit for infringement was brought against Stonite Products Company in the Western District of Pennsylvania, *id.* at 563, but properly dismissed for lack of venue because Stonite was instead, and only, "an inhabitant of the Eastern District of Pennsylvania." *Id.* at 562. Like 28 U.S.C. §1400(b) today, the similarly-worded statute then *restricted* venue in a patent case to "the *district* of which the defendant is an inhabitant," *Id.* at Fn. 1 (emphasis added).

2

The Supreme Court held that the soundness of *Stonite* was not affected by the recodification of 28 U.S.C. (1940 ed.) §109 into 28 U.S.C. §1400(b) in *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222 (1957). In *Fourco* the defendant was sued outside its state of incorporation, and the Court relied on *Shaw* for the proposition that, in the context of venue, "resides" means the "state of incorporation only." *Fourco* at 226. As *Shaw* limits proper venue to a judicial district within a state, this reference does not and cannot *expand* the meaning of "resides," but rather contrasts the restrictive patent venue statute with the permissive general venue statue, which made corporation suable in judicial districts in which they were merely doing business. The Supreme Court reaffirmed *Stonite* and *Fourco* in *TC Heartland,* 137 S. Ct. at 1516 (2017), confirming that 28 U.S.C. §1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions, and … is not to be supplemented by §1391(c)." *Id.* at 1519.

Thus, for purposes of patent venue, a domestic corporation "resides" only in the judicial district in its State of incorporation including its principal place of business; not in districts in other States, and not in other districts *within* its State of incorporation. 8-21 Chisum on Patents, §21.02. ("The weight of authority indicates that a corporation is a resident only of the district in which it has its principal office." (citing *Vibber v. United States Rubber Co.,* 255 F. Supp. 47, 150 USPQ 30 (S.D. N.Y. 1966) and *California Irrigation Services, Inc. v. Bartron Corp.*, 654 F. Supp. 1, 227 USPQ 414, 415 (N.D. Calif. 1985) ("a defendant corporation resides in the district in its state of incorporation where its principal place of business is")). Accord *"A" Co. v. Consyne Corp.*, 191 U.S.P.Q. (BNA) 126 (S.D.CA 1975); *Action Commun. Sys. V. Datapoint Corp.,* 426 F.Supp. 973, 974-5 (N.D.TX. 1977); *Samsonite Corp. v. Tex. Imperial Am., Inc.* 218 U.S.P.Q. (BNA) 325, 326 (N.D.TX. 1982); *Sterling Drug Inc. v. Intermedics, Inc.*, 1986 U.S.

Dist LEXIS 31320 (W.D.TX. 1986); 28 U.S.C.S. 1400, *Case Notes*, §III(C)(25. Residence of Defendant) ("Phrase 'judicial district where the defendant resides' in 28 USCS § 1400(b) means judicial district of defendant's corporate domicile. *Funnelcap, Inc. v Orion Industries, Inc*. (1975, DC Del) 392 F Supp 938, 186 USPQ 50.")

The first prong of 28 U.S.C. § 1400(b) provides that venue in patent cases lies in the district where the defendant resides. *Stonite Products Co. v. Melvin Lloyd Co.*, 315 US 561, 562-67 (1942). As discussed in detail above, under the residency prong of the venue statute, a corporation may be sued in only in the state of incorporation and, within that state, only in the judicial district where its principal place of business is located. *Action Commc'n Sys., Inc. v. Datapoint Corp.*, 426 F. Supp. 973, 974-975 (W.D. Tex. 1977).

Plaintiff's allegation (*Compl.* at ¶ 3) that "ZTE (TX) Inc. is a corporation . . . with its principal place of business at 2500 Dallas Parkway, Plano, Texas 75093" is flatly incorrect. ZTX's "principal," and indeed *only*, place of business within the State of Texas is its office in Austin, Texas, which is located within the Western District of Texas. Exhibit A, Declaration of Chao (George) Shan, ¶13 (hereafter "Shan Decl."). Thus, for the purposes of 28 U.S.C. §1400(b), ZTX "resides" in the Western District of Texas. It is a matter of public record that the address referred to by plaintiff in Plano is in fact the office of the law firm which incorporated ZTE (TX) and currently remains its registered agent; not the address of any location where ZTX has ever actually resided.

Because ZTX has only one physical place of business in the State of Texas, and because that place of business is located in the Western District of Texas, ZTX resides in that District, not in the Eastern District of Texas.

4

### B. ZTX Does Not Maintain a Regular and Established Place of Business in This District

The second prong of § 1400(b) provides that venue in a patent infringement action may lie in the judicial district "where the defendant has committed acts of infringement ***and*** has a regular and established place of business." 28 U.S.C. § 1400(b) (emphasis added).[1]

"Section 1400(b) requires that 'a defendant has' a 'place of business' that is 'regular' and 'established.' All of these requirements must be present." *In re Cray Inc.,* 2017 U.S. App. LEXIS 18398, 871 F.3d 1355 (Fed. Cir. 2017). Thus, "there 'must be a physical place in the district,'" Id.*,* and "'the regular and established place of business' must be 'the place of the defendant…' not solely a place of the defendant's employee." *Id.* at 1007. In particular, an employee's home is not attributable to the employer when the employer does not own, lease, or rent the employee's home; select the location of the employee's home; direct the employee to store inventory or conduct business at the employee's home; or condition employment or support upon the maintenance of the employee's home as a place of business. *Id.* at *18-19.

Plaintiff does not allege venue over ZTX under the second prong of § 1400(b); and indeed, venue does not lie under it because ZTX does not have any place of business in this District. ZTX lacks offices, warehouses, stores, facilities, or bank accounts in this District. *Id.* ¶ 14. ZTX does not select, own, lease, or otherwise exercise possession or control over the home

---

[1] Because Plaintiff's infringement allegations against ZTX fail as a matter of law under Fed. R. Civ. P. 12(b)(6) for the reasons discussed in Section II below, it necessarily follows that Plaintiff has not pled with specificity any facts establishing that ZTX "has committed acts of infringement" in this District. Consequently, venue is improper under the second prong of Section 1400(b) without considering whether ZTX has a regular and established place of business within this District.

of any employee within this District, and has not conditioned anyone's employment on continued residence here, or upon carrying out any business of ZTX here. *Id.* ¶ 14.[2]

Consequently, ZTX lacks a regular and established place of business within this District as a matter of law, and venue is improper in this District under the second prong of 28 U.S.C. § 1400(b).

### C. Venue Must Be Proper as to Each Defendant Individually

In an action involving multiple defendants, venue and jurisdiction requirements must be met as to each defendant. *Magnacoustics, Inc. v. Resonance Tech. Co.*, No. 97–1247, 1997 WL 592863, at *1 (Fed. Cir. Sept. 25, 1997). With respect to venue, "the courts ordinarily will not treat the place of business of one corporation as the place of business of the other." *Blue Spike, LLC v. Nook Dig.*, LLC, 2017 U.S. Dist. LEXIS 120400, 9 (E.D.TX. Civil Action No. 6:16-cv-1361-RWS-JDL.) A complaint may not lump defendants together in addressing allegations which must be properly plead as to individual defendants. *See M2M Solutions LLC v. Telit Communs. PLC*, 2015 U.S. Dist. LEXIS 102349 (D. Del. 2015) (finding that complaint pleading direct infringement failed to satisfy requirements of Form 18).

As discussed above, venue does not lie in this District as to ZTX on a patent claim; and venue facts applicable to other defendant(s) are not pertinent to the question of whether venue is proper as to ZTX. Even if, *arguendo*, venue were proper in this District as to another defendant, it could not save Plaintiff's claims against ZTX from dismissal. Therefore, the claims against ZTX must be dismissed for the reasons given in this motion.

---

[2] Plaintiff does not premise venue, and indeed venue cannot be based upon, the location of a company's registered agent. *See* § 1400(b), In re Cray.

## II. BECAUSE ZTX IS THE WRONG DEFENDANT, PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF AGAINST ZTX AND ZTX MUST BE DISMISSED UNDER FED. R. CIV. P. 12(b)(6)

ZTX is an R&D entity that is not even in the business of selling or offering to sell consumer wireless products like those accused by Plaintiff in this case (or, indeed, even providing such products to anybody else or supporting any product sales or offers to sell). Plaintiff also fails to allege or plead facts sufficient to prove indirect infringement by ZTX. Accordingly, the Complaint should be dismissed for failure to state a claim.

### A. Plaintiff Fails to Plead or Allege Facts Sufficient to Prove Direct Infringement by ZTX

To state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Form 18 of Fed. R. Civ. P. 84 previously governed pleading requirements for allegations of direct infringement, this rule was abrogated on Dec. 1, 2015. *See Ruby Sands LLC v. Am. Nat'l Bank of Texas, et al.*, No. 2:15-cv-1955, 2016 WL 3542430, at *2-3 (E.D. Tex. June 28, 2016) (stating that "[f]orm 18 no longer provides a safe harbor for direct infringement claims."); *Raindance Tech., Inc. v. 10X Genomics, Inc.*, No. 15-152-RGA, 2016 WL 927143, at *2 (D. Del. Mar. 4, 2016). As a result, pleading requirements for direct infringement claims now must meet the same higher standard as those for indirect infringement. *Ruby Sands LLC*, 2016 WL 3542430, at *3; *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012); *Windy City Innovations, LLC v. Microsoft Corp.*, No. 16-CV-01729-YGR, 2016 WL 3361858, at *4 n.8 (N.D. Cal. June 17, 2016); *RAH Color Techs. LLC v. Ricoh USA Inc.*, No. 2:15-CV-05203-JCJ, 2016 WL 3632720, at *1 (E.D. Pa. July 7, 2016).

Although detailed factual allegations are not required, to survive a motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining the plausibility of a complaint is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Although a court must assume that the facts presented by the plaintiff are true, this assumption excludes "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678; *see also City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010); *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). It is not enough for a complaint to "plead[] facts that are merely consistent with a defendant's liability[.]" *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). And a complaint is insufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Indeed, courts in the Fifth Circuit[3] routinely dismiss patent infringement complaints for failing to meet the pleading requirements of *Twombly* and *Iqbal*. *See, e.g., Ruby Sands LLC*, 2016 WL 3542430, at *4-5; *LBS Innovations, LLC v. Nokia USA, Inc. et al.*, No. 2:15-cv-1972, 2016 WL 3407611, at *2-3 (E D. Tex. June 21, 2016); *Van De Vliert v. Tam Int'l, Inc.*, No. 6:15-CV-135-JRG, 2015 WL 6745811, at *1-2 (E.D. Tex. Oct. 30, 2015).

Rather than alleging or pleading facts sufficient to prove that ZTX made, used, sold, offered to sell, and/or imported into the United States any of the devices identified in Plaintiff's Complaint,

---

[3] Whether a complaint fails to state a claim upon which relief can be granted is a purely procedural question governed by the law of the regional circuit. *See Imation Corp. v. Koninklijke Philips Elecs. N.V.*, 586 F.3d 980, 984 (Fed. Cir. 2009) (stating that "[t]he Federal Circuit defers to the law of the regional circuits on matters of procedural law that do not implicate issues of patent law."); *see also McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007).

Plaintiff merely recites the elements of direct infringement, supported by mere conclusory statements about "Defendants" or "ZTE," with no specificity as to whether those actions were taken by ZTX or ZTE Corporation. *See, e.g.* Dkt. No. 1 at ¶¶ 5, 9, 10, 11, 16, 17, 21, 22, 23, 28, 29 *et seq*.

ZTX was incorporated in 2013 "to more effectively manage the R&D functions in the U.S."[4] ZTX conducts research and development activities and provides technical marketing support for ZTE Corporation. Shan Decl. at ¶4. These research and development activities include designing telecommunications devices and developing telecom technology standards, solutions, and applications for the next generation of telecommunications technology. *Id.* ZTX does not manufacture or make, sell or offer to sell, import, or use in the course of its business activities any products, such as the so-called "Accused Devices," described in Plaintiff's complaint. *See, e.g. Id.* at ¶¶ 9, 21, 33.

Because ZTX merely conducts research and development activities and provides technical marketing support for ZTE Corporation, Shan Decl. ¶ 4, which is the only customer of ZTX, *Id.* ¶ 5, without having any physical presence within the District, *Id.* ¶ 14, ZTX cannot be found to have committed any acts of infringement within this District and venue cannot be found here against ZTX.

The undisputed evidence provided by George Shan[5] confirms that because ZTX's activities occur in locations outside this District, and do not relate to the activities or devices identified in Plaintiff's complaint, ZTX cannot have committed any acts of infringement in this District. "The

---

[4] *See* ZTETX website, retrieved from: http://www.ztetx.com/about/zte_us_ltd/ on 25 Sept. 2017.
[5] To the extent the plaintiff's claims affect propriety of venue, it is clear evidence introduced by ZTX may be considered under 12(b)(3). More broadly under 12(b)(6), the Court may take judicial notice of appropriate facts, or consider facts to evaluate the insufficiency of Plaintiff's allegations.

situs of the infringement is wherever an offending act is committed." *N. Am. Philips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1579 (Fed. Cir. 1994). Even assuming *arguendo* that Plaintiff has sufficiently alleged facts to support any actionable conduct on the part of ZTX—which it has not—any relevant activity performed by ZTX with respect to their alleged infringement occurred in a U.S. judicial district other than the EDTX. Shan Decl. ¶¶ 9-14, 16.

### B. Plaintiff Fails to Plead or Allege Facts with Sufficient Specificity as to ZTX

"With respect to venue, '[s]o long as a formal separation of the entities is preserved, the courts ordinarily will not treat the place of business of one corporation as the place of business of the other.'" *Blue Spike, LLC v. Nook Dig., LLC,* 2017 U.S. Dist. LEXIS 120400, 9 (E.D.TX. Civil Action No. 6:16-cv-1361-RWS-JDL.) (*Citing* 14D Wright & Miller, Federal Practice & Procedure, § 3823, at 148-49 (citing *L. D. Schreiber Cheese Co. v. Clearfield Cheese Co.*, 495 F. Supp. 313, 318 (W.D. Pa. 1980) ("It is clear under 28 U.S.C. § 1400(b) that the mere existence of a wholly-owned subsidiary in a judicial district does not, by itself, suffice to establish venue over the subsidiary's parent corporation."); *Schippers v. Midas Int'l Corp.*, 446 F. Supp. 62, 63 (E.D. Tenn. 1978); *Teledyne Ryan Aeronautical Co. v. Montgomery Ward & Co.*, 326 F. Supp. 813, 820 (D. Colo. 1971).))

A complaint cannot lump defendants together in addressing infringement claims, and must identify which particular defendant or defendants are responsible for which allegedly infringing products, processes or methods. *See M2M Solutions LLC v. Telit Communs. PLC,* 2015 U.S. Dist. LEXIS 102349 (D. Del. 2015)(finding that complaint pleading direct infringement failed to satisfy requirements of Form 18).

After initially identifying ZTX and ZTE Corporation as defendants, Plaintiff subsequently refers to ZTX and ZTE Corporation collectively as either "Defendants" or "ZTE."

10

As in *M2M Solutions LLC*, Plaintiff' complaint fails to identify whether ZTX or ZTE Corporation is responsible for the allegedly infringing products, processes or methods. For example, the Complaint references websites for ***an entity that is not even accused of infringement*** (ZTE (USA) Inc.), but fails to plead or allege any facts as to ZTX's conduct within the EDTX. Dkt. 1 at ¶9.

Accordingly, Plaintiff's complaint fails to set forth sufficient factual matter to "state a claim to relief that is plausible on its face" and to put ZTX on notice of what it is supposed to defend against. *Twombly*, 550 U.S. at 570; *Macronix Int'l Co. v. Spansion Inc.*, F. Supp. 3d 797, 804 (E.D. Va. 2014). As a result, Plaintiff's direct infringement allegations must be dismissed.

### C. Plaintiff Fails to Plead or Allege Facts Sufficient to Prove Indirect Infringement by ZTX.

Plaintiff's indirect infringement allegations also fail to satisfy the *Twombly/Iqbal* requirements. *See, e.g., In re Bill of Lading*, 681 F.3d at 1332, 1336-37, 1339 (Fed. Cir. 2012); *Ruby Sands LLC*, 2016 WL 3542430, at *2-3. Plaintiff' Complaint parrots the elements of the induced infringement statute, and alleges facts collectively as to all ZTE Defendants, but fails to allege or plead facts sufficient to prove that ZTX satisfied the knowledge and intent requirements of 35 U.S.C. § 271(b). Accordingly, Plaintiff' indirect infringement allegations against ZTX must be dismissed.

When a single actor induces another actor to commit all the elements of infringement, the first actor is liable for induced infringement. *See* 35 U.S.C. § 271(b) ("Whoever actively induces infringement of a patent shall be liable as an infringer."). Induced infringement requires a showing "that the defendant specifically intended a third party to directly infringe the plaintiff's patent and knew that the third party's acts constituted infringement." *Ruby Sands LLC*, 2016 WL 3542430, at *3; *see also DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (*en banc*)

(stating "inducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement").

Plaintiff' Complaint fails to allege or plead facts sufficient to show that ZTX specifically intended a third party to directly infringe the plaintiff's patent and knew that the third party's acts constituted infringement. For example, Plaintiff alleges in the Complaint that "Defendant took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes one or more claims of the patents-in-suit, including, for example, claim 1 of the '351 Patent, claim 1 of the '889 Patent, and claim 14 of the '905 Patent." Dkt. No. 1 at ¶ 44. But the Complaint fails to allege or plead facts sufficient to show that ZTX had any knowledge of the patent(s). Furthermore, Plaintiff alleged that "Defendant's direct and indirect infringement of the '351, '889, and '905 Patents is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of X-Mobile's rights under the patent." *Id.* at ¶47. Again, Plaintiff has failed to allege any facts as to ZTX's knowledge of the patents or any subjective or objective facts going to ZTX's knowledge that particular activities would be infringing. The only customer of ZTX is ZTE Corporation, and ZTX does not provide any services to third parties other than ZTE Corporation. Shan Decl. at ¶¶ 5, 6.

Plaintiff's Complaint therefore fails to allege or plead facts sufficient to show that ZTX specifically intended a third party to directly infringe the asserted patents and knew that the third party's acts constituted infringement. Thus, the Complaint's inducement allegations fail to meet the minimum pleading requirements of *Twombly* and *Iqbal*. *Iqbal*, 556 U.S. at 678 (requiring sufficient factual matter in the complaint to provide a court with enough plausible evidence to "draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see also, e.g., Wright Mfg., Inc. v. Toro Co.*, No. 11-1373, 2011 WL 6211172, at *3 (D. Md. Dec. 13, 2011)

(dismissing "threadbare" and "inadequate" inducement allegations). As a result, Plaintiff's indirect infringement allegations against ZTX must be dismissed.

### III. CONCLUSION: THIS CASE SHOULD BE DISMISSED

"Venue requirements exist for the benefit of defendants," *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 38 USPQ2d 1860 (Fed. Cir. 1996), and they are mandatory. *See* 28 U.S. Code § 1406 ("The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or… transfer such case to any district or division in which it could have been brought.") (emphasis added).

ZTX does not reside in this District, and it does not have any regular and established place of business in this District. Indeed, ZTX is not even the proper entity to defend against any allegations relating to consumer wireless equipment sold in the US, let alone this District. Any connections ZTX may have to this District are sufficiently attenuated that allowing the case to proceed in this District would be manifestly contrary to, and reward plaintiff's calculated effort to avoid, the plain and indisputable intent and mandate of Congress, the Supreme Court, the Fifth Circuit, and the Federal Circuit to restrict venue in patent litigation cases.

ZTE therefore respectfully requests that this Court dismiss this case.[6]

October 31, 2017    Respectfully Submitted,

                                              */s/Everett Upshaw*
                                        Everett Upshaw
                                        State Bar of Texas No. 24025690
                                        everettupshaw@upshawpllc.com
                                        Keana T. Taylor
                                        State Bar of Texas No. 24042013
                                        keanataylor@upshawpllc.com

---

[6] Plaintiff's counsel declined to work with ZTX to identify an appropriate defendant or venue for this case. Because ZTX is the wrong party, and venue can only be evaluated on a defendant-by-defendant basis, transfer is not a reasonable alternative to dismissal in this case.

        Erik Dykema
        New York Bar No. 4882460
        erikdykema@upshawpllc.com
        Craig Uhrich
        State Bar of Texas No. 24033284
        craiguhrich@upshawpllc.com
        UPSHAW PLLC
        1204 Gano Street
        Dallas, TX 75215
        P: (972) 920-8000
        F: (972) 920-8001

        **COUNSEL FOR DEFENDANT**
        **ZTE (TX) INC.**

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that today, October 31, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing to all counsel of record who have appeared in this case.

                                    */s/ Keana Taylor*
                                    Keana Taylor