IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| X-MOBILE TECHNOLOGIES LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 4:17-cv-696-ALM |
| ZTE CORPORATION, ZTE (TX) INC., and ZTE (USA) Inc. | |
| Defendants. | |

**DEFENDANT ZTE (TX), INC.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS (Dkt. 11)**

ZTE (TX) Inc.'s Motion to Dismiss (Dkt. 11) should be granted for the reasons

given therein. None of the arguments in Plaintiff X-Mobile Technologies LLC's

Response (Dkt. 16) address, let alone overcome, ZTE (TX) Inc.'s (hereafter, "ZTX's")

grounds for dismissal, for the reasons given below.

## I. ZTX RESIDES IN A SINGLE DISTRICT—BUT NOT THIS DISTRICT

Plaintiff's contention that corporations are residents of every judicial district

within their state of incorporation is incorrect and unsupported. Plaintiff begins by

discussing the language of *TC Heartland* and *FourCo*,; but halfway through its

discussion, states neither case "expressly addresse[s]" the question of corporate

residence in multi-district states. In fact, as noted in ZTX's opening brief, TC

Heartland "expressly" and directly quotes the statutory venue language regarding

residence which both parties admit is dispositive here, the first prong of 28 U.S.C.

§1400(b):  "Any civil action for patent infringement may be brought in the judicial district where the defendant resides."  Venue is not found in "the state" of residence; or in "a district" of residence; it is found in "the district" of residence.  Equally telling is Plaintiff's careful paraphrasing of the venue statute in its opposition omitting those two critical words, "the" and "district."

To avoid the problems posed by *TC Heartland* and *FourCo*, plaintiff ultimately bases its first argument on a single District Court case, *Diem*, that was decided on the basis of waiver, and only mentions the issue of residence in dicta.  By contrast, plaintiff does not even mention in support either of the Supreme Court venue cases relied upon by ZTX, *Shaw* and *Stonite*, which do "expressly address" corporate residence in multi-district states, and which both held that under such circumstances, residence over corporations can only be found in a single district.

Without citing any binding authority or relying on any of the Supreme Court cases cited by ZTX, Plaintiff's first argument is unavailing.

## II.   SHAW, STONITE, FOURCO, AND TC HEARTLAND ARE CONTROLLING IN THE "RESIDENCE" PRONG OF §1400(B)

Plaintiff's contention that ZTX has misinterpreted the "residence" prong of §1400(b) is similarly incorrect and unsupported.  As in its own venue argument, Plaintiff relies on *Diem*, and tries to avoid *TC Heartland* and *FourCo*, in discussing ZTX's venue argument.

Plaintiff begins by admitting *Shaw* holds a corporation "can be sued *only in the State and district in which it has been incorporated*," but suggests this quote is taken out of context; and contends, following *Diem*, that Shaw says nothing about

venue for patent cases under §1400(b).  In fact, although *Stonite* itself does not
quote *Shaw*, it was the Supreme Court itself that drew a straight line from *Shaw* to
*Stonite* and §1400(b) in in *FourCo*, at 26, relying on *Shaw* to interpret the meaning
of "resident" in the modern venue statute (and identifying with the older term
"inhabitant".  As explained in ZTX's *Motion*, *Shaw* stands for the proposition that a
corporation resides (or, is an inhabitant of) only a particular judicial district, and
not an entire state, for venue purposes.

Plaintiff then argues the significance of *Stonite* is limited by the statements
in *TC Heartland* and *Fourco* that *Stonite* is about whether §1400(b)'s predecessor
"was the sole provision governing venue in those cases;" and because the analysis in
*Stonite* focused on the second prong of §1400(b).  ZTE does not contest, and in fact
depends upon, the fact that *Stonite*, *Fourco*, and *TC Heartland* itself stand for the
proposition that §1400(b) and its predecessor are the sole provision governing venue
in patent cases.  What is particularly significant about *Stonite*, and distinguishes it
from both *Fourco* and *TC Heartland* where suit was brought in the wrong state, is
that the Supreme Court held in *Stonite*, the patent venue statute did not confer
venue in the Western District of Pennsylvania, against a defendant corporation
resident in the Eastern District of Pennsylvania.  *Stonite*, 315 U.S. 561, 562-3
(1942.)

Although *Diem* is correct that the analysis in *Stonite* emphasized the second
prong of §1400(b), *Stonite*, like *Shaw*, expressly identifies residence with specific
districts, specifying that the defendant was an "inhabitant of the Eastern District of

Pennsylvania." *Stonite* at at *563.  And that identification is essential to *Stonite*'s ultimate holding because, had the defendant been a resident of the entire State of Pennsylvania, the first prong of the patent venue statute would have permitted venue and the case would have been decided in favor of the plaintiff.  (In other words, *Stonite* was not an abstract, hypothetical, or advisory opinion because the fact that the defendant Corporation's incorporation in the State was insufficient for venue under the predecessor to §1400(b) made it an actual controversy between the parties.  Had the Supreme Court understood the residency prong of §1400(b) to be broader than the "place of business" prong, it would not have mattered in *Stonite* whether venue could be found under the general venue statute, or only the patent venue statute.

As noted above, both *TC Heartland* and *Fourco* involved suits brought in states where venue could not have been found against the defendant in any district of that state.  Therefore, both *TC Heartland* and *Fourco* hold that residency is limited to the state of incorporation; and cite back to *Stonite* and *Shaw* for that proposition.  *Fourco* flatly stated that "The soundness of the Stonite case is not here assailed,"  *Id.* at 235, and that the change in language from the statute interpreted in Stonite (using the word "inhabitant") to the modern venue statute (using the word "resident") had the same meaning, because the two words were synonymous. *Id.* at 226.  Because *TC Heartland* and *Fourco* affirm, rather than overruling, *Stonite*; and expressly state that neither opinion changes the earlier law, it cannot be the case that *TC Heartland* and *Fourco* expanded the scope of patent venue *sub*

4

*rosa* in opinions denying the existence of venue under the residence prong of §1400(b).

## III.   A REGISTERED AGENT/OFFICE DOES NOT CREATE VENUE

Plaintiff claims that because ZTX's "Registered Office" is in Plano, there is no reason why ZTX should not be deemed to "inhabit" the Eastern District of Texas. *Response* pp. 8-9.  The problem with this argument is twofold.

First, The Texas Business Organizations Code, Title 1, Sec. 5.201(c), specifies that the "registered office" is merely the office where the agent can be found and personally served with process, and specifically provides that the registered office "is not required to be a place of business of the filing entity or foreign filing entity."  The Texas Supreme Court has similarly rejected the theory that the location of a mere agent of a corporation can establish venue under Texas law.  *In re. Mo. Pac. R.R. Co.* at 220.  "Necessarily, courts must look at the corporation's structure to determine a company's principal office or offices."  *Id.*

Second, and more fundamentally, ZTE's actual place of business is in Austin, in the Western District of Texas.  ZTX has never had an office of any kind at the address mentioned by Plaintiff; the address mentioned by plaintiff is that of the law firm that originally incorporated ZTX, before ZTX even commenced business.

## IV.   VENUE DISCOVERY IS UNWARRANTED AND POINTLESS BECAUSE ZTX DOESN'T MAKE OR SELL ANY ACCUSED PRODUCTS

Plaintiff's suggestion that venue discovery is warranted in this case is misplaced and dilatory.  Plaintiff supports its claim by arguing some ZTX employees reside in this District, and because Plaintiff contends venue may lie against ZTE (USA) Inc. s misplaced and dilatory.

ZTX does not contest that some ZTX employees live in this District, so no discovery into that fact is required.  More importantly, as a matter of law, the mere fact some ZTX employees live in this District is insufficient to create venue under *In re Cray*.  At the same time, Plaintiff's reference to ZTE (USA) Inc. is completely contrary to law, which as noted in ZTX's opening brief, requires that venue be established as to each entity separately.

Plaintiff's assertions and arguments opposing dismissal under Rule 12(b)(6) are irrelevant because, simply put, ZTX does not deal in the sale or marketing of the allegedly infringing products in the United States.

## V.   PLAINTIFF BEARS THE BURDEN OF PROVING VENUE

ZTX disagrees with Plaintiff's assertion that Defendant bears the burden to prove improper venue.  *Response* p. 2.  Plaintiff's only Fifth Circuit authority for its position are non-precedential and non-binding district court cases.  Plaintiff further cites *Myers*, a 3rd Circuit case from 1982.  However, the majority of Circuit Courts of Appeal that have considered this issue place the burden on the Plaintiff.[1]  "The Fifth Circuit also has yet to determine which party bears the burden of proof on a motion regarding improper venue."  *Raytheon v. Cray*, E.D. Tex. Civ. No. 2:15-cv-

---

[1] Cordis Corp. v. Cardiac Pacemakers, 599 F.2d 1085 (1st Cir. 1979); Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353 (2d Cir. 2005); Bartholomew v. Virginia Chiropractors Ass'n, Inc., 612 F.2d 812 (4th Cir. 1979); Grantham v. Cook Brothers, Inc., 420 F.2d 1182 (7th Cir. 1969); Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 790 n.9 (9th Cir. 1977); Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491 (9th Cir. 1979).

6

01554-JRG, 2017 U.S. Dist. LEXIS 100887 (June 29, 2017).  ZTE urges this Court to follow the majority view.

Moreover, Plaintiff's brief selectively and misleadingly cites *Wright and Miller's Federal Practice and Procedures* in support of its view.  *Response*, p. 2.  What *Wright and Miller* actually says, however, is diametrically opposed to Plaintiff's view: "the weight of judicial authority appears to be that when the defendant has made a proper objection, the burden is on the plaintiff to establish that the chosen district is a proper venue."

ZTE urges this Court to follow the majority view of Circuit Courts of Appeal, and place the burden of proving venue on the Plaintiff.  However, as noted in ZTX's opening brief, even if that burden lies with ZTX, ZTX has carried it and this case should be dismissed for lack of venue.


November 29, 2017            Respectfully Submitted,

                             */s/Everett Upshaw*
                             Everett Upshaw
                             State Bar of Texas No. 24025690
                             everettupshaw@upshawpllc.com
                             Keana T. Taylor
                             State Bar of Texas No. 24042013
                             keanataylor@upshawpllc.com
                             Erik Dykema
                             New York Bar No. 4882460
                             erikdykema@upshawpllc.com
                             Craig Uhrich
                             State Bar of Texas No. 24033284
                             craiguhrich@upshawpllc.com
                             UPSHAW PLLC
                             1204 Gano Street
                             Dallas, TX 75215

P: (972) 920-8000
F: (972) 920-8001

**COUNSEL FOR DEFENDANT
ZTE (TX) INC.**

<u>**CERTIFICATE OF SERVICE**</u>

    I hereby certify that today I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing to all counsel of record who have appeared in this case.

*/s/ Erik Dykema*
Erik Dykema
