**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| X-MOBILE TECHNOLOGIES LLC,<br><br>    Plaintiff,<br><br>        v.<br><br>ZTE CORPORATION, ZTE (TX), INC.,<br>and ZTE (USA) INC.<br><br>    Defendants. | CIVIL ACTION NO. 4:17-cv-696<br><br>**<u>JURY TRIAL DEMANDED</u>** |

**<u>X-MOBILE'S SUR-REPLY IN OPPOSITION TO ZTE (TX)'S MOTION TO
DISMISS FOR IMPROPER VENUE AND FAILURE TO STATE A CLAIM</u>**

I. **ZTE'S VENUE THEORY IS NOT SUPPORTED BY SUPREME COURT CASES AND WOULD LEAD TO ABSURD RESULTS**

In its Reply, ZTE proposes that a defendant incorporated in a multi-district state can only be sued for patent infringement in a single district – the district in that state where it has a place of business. (Dkt. 25 at 1-5). ZTE further argues, in support of that theory, that "it was the Supreme Court itself that drew a straight line from *Shaw* to *Stonite* and § 1400(b) in in (sic) *FourCo*, at 26 (sic), relying on *Shaw* to interpret the meaning of 'resident' in the modern venue statute (and identifying with the older term 'inhabitant.')" (Dkt. 25 at 3). The Supreme Court in *Fourco*, however, did not cite *Shaw* for the "State and district" dicta that ZTE now relies upon. Rather, the Court cited *Shaw* only for the proposition that, in the context of corporations, the words "inhabitant" and "resident" "mean **the state** of incorporation only." *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 226 (1957) (emphasis added). That proposition is entirely consistent with the stated holding of *Shaw*: "All that is now decided is that, under the existing act of Congress a corporation, ***incorporated in one State only***, cannot be compelled to answer, in a Circuit Court of the United States held in another State in which it has a usual place of business, to a civil suit, at law or in equity, brought by a citizen of a different State." *Shaw v. Quincy Mining Co.*, 145 U.S. 444, 453 (1892) (emphasis added). *Fourco*'s single citation to *Shaw* thus fails to support ZTE's venue theory.

The theory of venue proposed by ZTE would also lead to absurd results. For example, domestic companies incorporated in one state (say, Texas) with no place of business in that state but having a place of business in another state (say, California) would not "reside" *anywhere* for patent litigation purposes. Such a result cannot have been intended under section 1400(b), which *presumes* that the defendant resides somewhere: "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides." As X-Mobile has previously

2

argued, the approach taken by this Court in *Diem* is the better approach: "This Court therefore sees no basis to impose an additional requirement, neither present in the statute nor discussed by the Supreme Court in *TC Heartland*, absent a clear directive to do so." *Diem LLC v. BigCommerce, Inc.*, 6:17-CV-00186-JRG, 2017 WL 3187473, at *3 (E.D. Tex. July 26, 2017). "[A]bsent a clear Congressional directive" to limit the available venues to a corporation's principal place of business, "venue is proper under section 1400(b), in any judicial district in its state of incorporation." *B.W.B. Controls, Inc. v. C.S.E. Automation Eng'g*, 587 F. Supp. 1027, 1029 (W.D. La. 1984), cited in *Diem*, 2017 WL 3187473, at *3. There is simply no basis in the statute or precedent to limit 1400(b) as ZTE proposes.

### III. EVEN UNDER ITS VENUE THEORY, ZTE (TX) RESIDES IN THIS DISTRICT

In responding to X-Mobile's argument that ZTE (TX) is incorporated in Plano because the location of its "Registered Office" is in Plano, ZTE argues:

> The Texas Supreme Court has similarly rejected the theory that the location of a mere agent of a corporation can establish venue under Texas law. *In re. Mo. Pac. R.R. Co.* at 220. "Necessarily, courts must look at the corporation's structure to determine a company's principal office or offices." *Id*.

(Dkt. 25 at 5). The cited case, however, does not relate to venue in patent cases or even generally to venue. Rather, the venue issue in that case related to a Texas state statute providing venue for Federal Employers' Liability Act cases "in the county where the defendant's principal office in this state is located." *In re Mo. Pac. R.R. Co.*, 998 S.W.2d 212, 214 (Tex. 1999). Where ZTE (TX) maintains a "principal office" is simply not relevant to whether it is incorporated in this District. If the Court accepts that ZTE (TX) can only "reside" in one district for purposes of 1400(b), the relevant district would be the district where, as part of ZTE (TX)'s

formation as a Texas corporation, ZTE (TX) told the Texas Secretary of States that it maintains a registered office.

## IV. X-MOBILE PROPERLY PLEADED DIRECT AND INDIRECT INFRINGEMENT BY ZTE (TX)

ZTE fails to respond at all to X-Mobile's arguments regarding indirect infringement (Dkt. 16 at 15-16), and mostly ignores X-Mobile's arguments regarding direct infringement (Dkt. 16 at 10-15), stating only that those arguments are "irrelevant" because ZTE (TX) "does not deal in the sale or marketing of the allegedly infringing products in the United States." (Dkt. 25 at 6). While ZTE (TX) apparently denies involvement in "the sale or marketing of the allegedly infringing products in the United States," the patent infringement statute (35 U.S.C. § 271) lists a number of other activities that constitute infringement, including making, using, offering to sell, or importing into the United States. And as laid out in detail in X-Mobile's opposition, X-Mobile's factual allegations exceed the level of detail required to state a claim for patent infringement.

## V. CONCLUSION

For the foregoing reasons, the Court should deny ZTE's motion to dismiss.

Dated: December 7, 2017

Respectfully submitted,

/s/ *C. Ryan Pinckney*
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Christopher Ryan Pinckney
Texas Bar No. 24067819

ryan@ahtlawfirm.com
Michael D. Ellis
Texas Bar No. 24081586
michael@ahtlawfirm.com

ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000

*Attorneys for X-Mobile LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of December 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *C. Ryan Pinckney*
C. Ryan Pinckney