**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| X-MOBILE TECHNOLOGIES LLC, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 4:17-cv-696 |
| ZTE CORPORATION, ZTE (TX), INC., and ZTE (USA) INC. | |
| Defendants. | |

## AGREED PROTECTIVE ORDER

Plaintiff X-Mobile Technologies LLC ("Plaintiff") and Defendants ZTE Corporation, ZTE (TX), Inc., and ZTE (USA) Inc.  ("Defendants") (collectively, the "Parties") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information will be disclosed or produced during the course of discovery and disclosures in the above-captioned case (collectively, the "Action").  In order to facilitate disclosure and production and to protect the relative interests of the Parties, the Parties stipulate to and request that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, this Court enter this Agreed Protective Order ("Protective Order"), setting forth the conditions for obtaining, treating, and using such disclosures and productions.

1. **PURPOSES AND LIMITATIONS**

    (a)     Under the terms of this Protective Order, Protected Material received by a Receiving Party shall be used for purposes of the prosecution and defense of this Action, shall not be used for any business purpose or other purpose whatsoever, and shall not be used or shown, disseminated, copied, or otherwise disclosed to anyone not entitled to such Protected

Material as herein provided.  All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Material.

(b)　　The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a), and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Designations under this Protective Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly withdraw or change the designation.

## 2.  DEFINITIONS

(a)　　"Action" means the above-captioned case.

(b)　　"Discovery Material" means all items or information, including from any non-Party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this Action.

(c)　　"Outside Counsel" means (i) outside counsel of record for a Party and (ii) partners, associates, attorneys, and employees of such counsel to whom it is reasonably necessary to disclose the information for this Action.

(d)　　"Patents-in-suit" means U.S. Patent Nos. 7,162,426, 6,690,351, 6,262,889, and 6,958,905, and any other patent that may be later asserted in this Action, as well as any related patents, applications, provisional applications, continuations, and/or divisionals.

(e)     "Party" means any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel and their support staffs.

(f)     "Producing Party" means any Party or Third Party that discloses or produces any Discovery Material in this Action.

(g)     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," as provided for in this Protective Order. Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; (ii) materials that show on their face that they have been disseminated to the public, and (iii) Discovery Materials that have been submitted to any governmental entity without request for confidential treatment.

(h)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(i)     "Source Code" means computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

(j)     "Third Parties" means persons, organizations or entities who are not Plaintiffs or Defendant in this Action.

## 3.  <u>COMPUTATION OF TIME</u>

The computation of any period of time prescribed or allowed by this Protective Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6 and Local Rules for the Eastern District of Texas.

4.  **SCOPE**

(a)    The protections conferred by this Protective Order apply not only to all Discovery Material, but also to any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose, and nothing in this Protective Order shall preclude any Producing Party from showing its Discovery Material to an individual who prepared the Discovery Material.

(c)    Nothing in this Protective Order shall be construed to prejudice any Party's right to use any Discovery Material in court or in any court filing, provided the Party complies with the Court and local rules regarding the filing of documents under seal.

5.  **DURATION**

Even after the termination of this Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.  **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)    Basic Principles. All Protected Material shall be used as set forth herein below, and such use shall be solely for this Action or any related appellate proceeding, and not for any other purpose. Protected Material shall not be distributed, disclosed, or made available to any persons, organizations or entities except as expressly provided in this Protective Order.

(b)    Patent Prosecution Bar.  Absent the written consent of the Producing Party, any person who receives a Party's information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES

ONLY – SOURCE CODE" (collectively "HIGHLY SENSITIVE MATERIAL") shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application relating to heat insulating features in wearable computers, the use of a digital signal processor features in conjunction with wake words, or automatically adjusting a display device based on sensor input (hereafter "Restricted Technology") on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the Restricted Technology.

(c)      Secure Storage.  Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

(d)      Legal Advice Based on Protected Material.  Subject to the restrictions of Section 6(b) above, nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this Action based in whole or in part upon any Protected Materials, provided counsel does not disclose the Protected Material itself except as permitted by this Protective Order.

(e)      Limitations.  Nothing in this Protective Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material in any manner or for any purpose.

(f)      Third Party Discovery.  Subject to the restrictions of Section 6(b) above, nothing in this Protective Order shall limit or impair the ability of either Party to obtain and use Third

Party discovery and nothing herein shall limit or impair a Third Party's ability to obtain discovery from the Parties.

## 7. **DESIGNATING PROTECTED MATERIAL**

(a) <u>Available Designations</u>.  Any Producing Party may designate Discovery Material pursuant to this Protective Order, provided that it meets the requirements for such designations as provided below, with any of the following designations: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

(b) <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. The request shall include the requesting Party's basis for requesting the withdrawal or modification of the designation.  If the designating Party does not agree to re-designate within ten (10) days of receipt of the written request, the requesting Party may move the Court for relief.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

(c) <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Protective Order requires the following:

(i)      <u>Written Discovery and Documents</u>. Written discovery and documents (including "electronically stored information," as that phrase is used in Federal Rule of

Procedure 34, but excluding transcripts of depositions or other pretrial or trial proceedings) that meet the requirements for the confidentiality designations listed in Section 7(a) should be so designated by affixing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party should mark each viewable page or image with the appropriate designation.  For materials that cannot be reasonably marked on each page, the Producing Party may mark the medium, container, and/or communication in which the digital files were contained or to which they were attached (e.g., for materials produced in native format, by placing the appropriate designation in the filename of the produced material). In the event that original documents are produced for inspection, the original documents shall be presumed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate, during the copying process. All Protected Material that cannot be designated as set forth above shall be designated by the Producing Party by informing the Receiving Party of the designation in writing.

   (ii) <u>Depositions and Testimony</u>. Parties or testifying persons or entities may designate testimony given in deposition and in other pretrial or trial proceeding with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within fourteen (14) days of receipt of the transcript of the testimony. Only those portions of the testimony that are appropriately designated on the record or in writing within the time allowed for designation shall be covered by the provisions of this Protective Order. If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" until otherwise designated or until the time allowed for designation has passed. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or 'RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases, the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Producing Party. The Producing Party shall inform the court reporter of these requirements. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of this Protective Order in this matter or pursuant to written stipulation of the Parties."

(iii)    Tangible and other non-documentary materials. For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the appropriate designation.

**8.  DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)     Unless otherwise ordered by this Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)     The Receiving Party's Outside Counsel and their immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Subject to section 8(c) below, not more than three (3) representatives of the Receiving Party, including in-house counsel, who are officers or employees of the Receiving Party to whom disclosure is reasonably necessary for this Action. In the case of disclosure to in-house counsel for the Receiving Party, this disclosure may extend to their immediate paralegals and staff to whom disclosure is reasonably necessary. In the case of disclosure to officers or employees of the Receiving Party who are not in-house counsel for the Receiving Party or their immediate paralegals and staff: (a) each such person must agree to be bound by the provisions of this Protective Order by signing a copy of Exhibit A; (b) at least seven (7) days prior to disclosure of any Protected Material to such person, the Receiving Party must provide, along with the signed copy of Exhibit A, written notice to the Producing Party of the intent to disclose information to such person, including identification of such person by name and title; and (c) no unresolved objections to such disclosure exist after proper notice has been given to the Producing Party.

(iii)     Any outside expert or consultant retained by the Receiving Party to assist in this Action, provided that before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party along with the information listed in section 12 below at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or

expert. The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

      (iv)    Witnesses at deposition and/or trial for the Producing Party of the Designated Material, provided that such witnesses may not retain copies of Protected Material unless permitted by other provisions of this Protective Order;

      (v)    With respect to a particular document, an individual who is shown on the face of the document to have been an author, source, or recipient of the document, provided that such witnesses may not retain copies of Protected Material unless permitted by other provisions of this Protective Order;

      (vi)    Court reporters, stenographers and videographers retained to record testimony taken in this Action;

      (vii)    The Court, jury, and court personnel;

      (viii)    Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A;

      (ix)    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

      (x)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(xi)     Any other person with the prior written consent of the Producing Party.

(c)     Notwithstanding section 8(b)(iii) above, Discovery Material designated as "CONFIDENTIAL" by a Defendant Producing Party may not be disclosed to any in-house counsel, officers, or employees of any other Defendant, or of such Defendant's affiliates, without written consent of the Defendant Producing Party.

## 9.  DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"

(a)     To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY." The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity. Discovery Material produced in this Action with a designation of "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" or any substantially equivalent designation shall be treated as if such Discovery Material were designated as the "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"

(b)     Unless otherwise ordered by this Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)    The Receiving Party's Outside Counsel and their immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party along with the information listed in section 12 below at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(iv)    Witnesses at deposition and/or trial for the Producing Party of the Designated Material, provided that such witnesses may not retain copies of Protected Material unless permitted by other provisions of this Protective Order;

(v)    With respect to a particular document, an individual who is shown on the face of the document to have been an author, source, or recipient of the document, provided that such witnesses may not retain copies of Protected Material unless permitted by other provisions of this Protective Order;

(vi)    Court reporters, stenographers and videographers retained to record testimony taken in this Action;

(vii)    The Court, jury, and court personnel;

(xiii)    Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A;

(ix)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(x)    Any other person with the prior written consent of the Producing Party.

## 10. DISCOVERY MATERIAL DESIGNATED AS "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"

(a)    If Source Code is produced in this Action, the Producing Party may designate the Source Code as "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," provided it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)    Unless otherwise ordered by this Court, Discovery Material designated as "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be subject to the provisions set forth in Section 11 below, and may be disclosed solely to:

(i)    The Receiving Party's Outside Counsel and their immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party along with the information listed in section 12 below at least ten (10) days before access to the

Protected Material is to be given to that consultant or Undertaking to object to and notify the

receiving Party in writing that it objects to disclosure of Protected Material to the consultant or

expert. The Parties agree to promptly confer and use good faith to resolve any such objection.  If

the Parties are unable to resolve any objection, the objecting Party may file a motion with the

Court within fifteen (15) days of the notice, or within such other time as the Parties may agree,

seeking a protective order with respect to the proposed disclosure. The objecting Party shall have

the burden of proving the need for a protective order. No disclosure shall occur until all such

objections are resolved by agreement or Court order;

(iv)    Witnesses at deposition and/or trial for the Producing Party of the

Designated Material, provided that such witnesses may not retain copies of Designated Material

unless permitted by other provisions of this Protective Order;

(v)    Court reporters, stenographers, and videographers retained to record

testimony taken in this Action;

(vi)    The Court, jury, and court personnel;

(vii)    Any mediator who is assigned to hear this matter, and his or her staff,

subject to their agreement to maintain confidentiality to the same degree as required by this

Protective Order; and

(viii)   Any other person with the prior written consent of the Producing Party.

## 11. DISCLOSURE AND REVIEW OF SOURCE CODE

For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE,

the following additional restrictions apply:

(a) Access to a Party's Source Code Material shall be provided only on a "stand-alone"
    computer (that is, the computer may not be linked to any network, including a local
    area network ("LAN"), an intranet or the Internet) (hereafter "Source Code
    Computer").   The Source Code Computer may be connected to a printer solely for

the limited purposes permitted pursuant to the source code review paragraphs below. Additionally, except as provided below, the Source Code Computer may only be located at the offices of the producing Party's outside counsel;

(b) The receiving Party shall make reasonable efforts to restrict its requests for such access to the Source Code Computer to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the Source Code Computer outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c) The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the Source Code Computer;

(d) In the event the Receiving Party wants commercially available software tools for viewing and search Source Code to be installed on the on the Source Code Computer, the Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least five (5) days in advance of the date upon which the Receiving Party wishes to access the Source Code Computer in the Source Code Review Room, or by agreement of the parties.

(e) The producing Party will produce Source Code Material in computer searchable format on the Source Code Computer as described above;

(f) Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[1] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 8(iii) above.  A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(g) To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing

---

[1] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(h) Except as set forth below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(i) The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied;

(j) Except for sealed electronic filings with the Court, all Source Code Material shall be maintained in only hard copy, printed format. The Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including, by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code). Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers, file names, subroutine names, or other means of identification shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provides written permission to the Receiving Party that an electronic or any other copy may be made, the Receiving Party's communication and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Protective Order. Additionally, any such electronic copies must be labeled "RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" as provided for in this Protective Order;

(k) If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition);

(l) The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code. The Producing Party shall also make available pre-Bates-numbered, colored paper,

labeled "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," which shall be used for all on-site printing of Source Code. The Receiving Party may print limited portions of the Source Code only when reasonably necessary to prepare court filings, pleadings or other papers (including a testifying expert's expert report) and shall print only such portions as are relevant to the claims and defenses in this Action and are reasonably necessary for such purpose. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance (i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer). Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party.  Within three (3) business days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. The Producing Party shall be prohibited from using, directly or indirectly, any information gleaned from its review of the printed pages of Source Code other than for the purpose of evaluating whether the printed portions are excessive or not done for a permitted purpose. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is reasonably tailored and was printed for a permitted purpose.  Upon production, the printed pages shall constitute part of the Source Code produced by the Producing Party in this Action, and shall be subject to the provisions of this Protective Order regarding the disposition of Source Code upon final termination of this Action; and

(m) A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 11(f) above to another person authorized under paragraph 11(f) above, on paper, via hand carry, Federal Express or other similarly reliable courier.  Source Code Material may not be stored, transported, or transmitted electronically on or over a network of any kind, including a LAN, an intranet, or the Internet.  For depositions and trial, the Receiving Party may bring printed Source Code excerpts, obtained pursuant to the printing provisions of this Protective Order, and limited to those excerpts that are reasonably necessary to carry out the deposition or trial.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to a deposition or trial shall be securely destroyed in a timely manner following the deposition or trial. Provided however, at Receiving Party's request, Producing Party shall bring an electronic copy of relevant Source Code to technical depositions involving a witness with knowledge of the relevant Source Code.

## 12. **NOTICE OF DISCLOSURE**

(a)      <u>Written Notice</u>. Prior to disclosing any Protected Material to any person described in Sections 8(b)(iv), 9(b)(iv), or 10(b)(iii), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes: (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all of the Person's past or current employment or consulting relationships (regardless of whether the purpose of the consultancy was litigation), including direct relationships and relationships through entities owned or controlled by the Person and including an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services (iv) an up-to-date curriculum vitae of the Person; (v) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years; (vi) a signed copy by the Person of the "Agreement to Be Bound by this Protective Order" (Exhibit A); and (vii) an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims.   Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the Person.   A Party that gives notice pursuant to this sub-section may disclose the designated Protected Material(s) to the identified person, unless the Party receives a written objection from the Producing Party in compliance with the below procedures.

(b)     <u>Objecting to the Notice</u>. Within ten (10) calendar days of receipt of the written notice, the Producing Party or Parties may object in writing to the person for good cause. Any such objection must set forth in detail the grounds upon which it is based, including any claim that the notice was deficient or inadequate. In the absence of an objection at the end of that ten (10) day period, the person shall be deemed approved under this Protective Order, and the Party may disclose the designated Protected Material to the identified person. There shall be no disclosure of Protected Material to the person prior to expiration of this ten (10) day period.

(c)     <u>Meet and Confer</u>. If the Producing Party objects to disclosure to the person within the period set forth above, the Parties shall meet and confer via telephone or in person within five (5) days following the objection and attempt in good faith to resolve the dispute on an informal basis. During the meet and confer process, the Party objecting to the notice shall describe the basis for the objection and must explain the basis for its objectively reasonable concern that the person will, advertently or inadvertently, use or disclose Protected Material in a way or ways that are inconsistent with the provisions contained in this Protective Order.

(d)     <u>Court Intervention</u>. If the objection is not resolved, the Party objecting to the disclosure will have five (5) days from the date of the meet and confer to seek relief from this Court. If relief is not sought from this Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the person in question until this Court resolves the objection. If the Producing Party fails to move for a protective order within time set forth above, Protected Material may thereafter be provided to the person.

(e)     <u>Late Objections</u>. An initial failure to object to a person under this Section shall not preclude the non-objecting Party from later objecting to continued access by that person for good cause (for example, where facts suggesting a basis for objection could not have been

discovered by the objecting Party or its counsel, exercising due diligence, within the period for

making a timely objection). However, a late objection to a Person cannot be made on the basis of

information disclosed pursuant to this Section, except to the extent that said disclosure contained

a material omission or misrepresentation. If a later objection is made, the same time limits apply

for the Parties to meet and confer and for the Party objecting to disclosure to seek relief from this

Court; however, the person shall be permitted to continue to access and use Protected Material

until this Court resolves the matter or the Producing Party withdraws its objection.

**13.** Not Used.

**14. SUBPOENAS OR COURT ORDERS**

(a)      If at any time Protected Material is subpoenaed by any court, arbitral,

administrative, or legislative body, the Party to whom the subpoena or other request is directed

shall give prompt written notice thereof to every Party who has produced such Protected Material

and to its counsel and shall provide each such Party with an opportunity to move for a protective

order regarding the production of Protected Materials implicated by the subpoena.

**15. FILING PROTECTED MATERIAL**

Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal

and shall remain under seal until further order of the Court.  The filing party shall be responsible

for informing the Clerk of the Court that the filing should be sealed and for placing the legend

"FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and

conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling

requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit

thereto, discloses or relies on confidential documents, information or material, such confidential

portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

## 16. INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

(a)     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production. The Producing Party shall also provide a privilege log for the inadvertently or unintentionally produced materials to the Receiving Party.

(b)     If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents..  The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

(c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the

Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

(d)     If a Receiving Party receives Discovery Material that the Receiving Party believes may be inadvertently or unintentionally produced privileged and/or protected Discovery Material, the Receiving Party shall notify the Producing Party promptly after it is discovered that the Discovery Material may have been inadvertently or unintentionally produced. If a Party or non-party requests the return, pursuant to this Paragraph, of any inadvertently produced privileged and/or protected Discovery Material, the Receiving Party shall not use or disclose, and immediately cease any prior use of such materials and within two (2) business days return to the Receiving Party or non-party the inadvertently produced privileged and/or protected Discovery Material and destroy all copies thereof. No one will use the fact of production of a document over which the Producing Party later asserts privilege or protection to argue the privilege or protection has been waived. The return of any inadvertently produced privileged and/or protected Discovery Material shall not preclude the Receiving Party from moving the Court for an order that the Discovery Material was never privileged or otherwise immune from disclosure or that any applicable privilege or immunity has been waived by some act other than the production of the Discovery Material.

**17. <u>INADVERTENT FAILURE TO DESIGNATE PROPERLY</u>**

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Protective Order shall not waive any such designation provided that the Producing Party notifies the Receiving Party that such Discovery Material is protected under one of the categories of this Protective Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Discovery Material with the correct confidentiality

designation within seven (7) days upon its notification to the Receiving Party. Upon receiving

the Discovery Material with the correct confidentiality designation, the Receiving Party shall

destroy all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Protective Order for any use of

such Discovery Material before the Receiving Party receives notice that such Discovery Material

is protected under one of the categories of this Order. Once a Receiving Party has received

notification of the correct confidentiality designation for the Protected Material, the Receiving

Party shall treat such Discovery Material (subject to the exception in Section 17(c) below) at the

appropriately designated level pursuant to the terms of this Protective Order.

(c)     Protected Material produced without the designation of "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" may be so

designated subsequent to production when the Producing Party failed to make such designation

at the time of production through inadvertence or error. If Discovery Material is designated

subsequent to production, the Receiving Party promptly shall collect any copies that have been

provided to individuals so that they can be re-labeled with the "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" designation.

Notwithstanding the above, such subsequent designation of "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply

on a going-forward basis and shall not disqualify anyone who reviewed "HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" materials

while the materials were not marked "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'
EYES ONLY" or "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
– SOURCE CODE" from engaging in the activities set forth in Section 6(b).

## 18. INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

(a)     In the event of a disclosure of any Discovery Material pursuant to this Protective
Order to any person or persons not authorized to receive such disclosure under this Protective
Order, the Party responsible for having made such disclosure, and each Party with knowledge
thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has
been disclosed and provide to such counsel all known relevant information concerning the nature
and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all
reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that
no further or greater unauthorized disclosure and/or use thereof is made.

(b)     In addition to paragraph (a) above, the Party responsible for having made such
disclosure shall also use its best efforts to bind such person or party to the terms of this
Protective Order and (a) such person shall be informed promptly of all the provisions of this
Protective Order by the disclosing party and asked to return the information; (b) such person
shall be identified to the Producing Party of the Discovery Material; and (c) the person to whom
disclosure was made shall be requested to sign Exhibit A hereto. Nothing in this Paragraph shall
affect the Producing Party's remedies under this Protective Order or otherwise for such
unauthorized disclosure.

(c)     Unauthorized or inadvertent disclosure does not change the status of Discovery
Material or waive the right to hold the disclosed document or information as Protected.

## 19. FINAL DISPOSITION

(a)    Unless otherwise ordered or agreed to in writing by the Producing Party, within ninety (90) days after the final termination of this litigation by settlement or exhaustion of all appeals all parties in receipt of Protected Material shall either return such materials and copies thereof to the Producing Party or destroy such Protected Material and certify that fact in writing. Except in the case of Protected Material designated as "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE", the Receiving Party's reasonable efforts shall not require the return or destruction of Protected Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes and is overwritten in the normal course of business or (ii) is subject to legal hold obligations. Counsel for the parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), expert reports and attorney work product that contain or refer to Protected Material, but must return to the Producing Party any pleadings, correspondence, and consultant work product that contain the Producing Party's Source Code. Such counsel and employees of such counsel shall not disclose such Protected Material to any person, except pursuant to Court order. Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

## 20. DISCOVERY FROM EXPERTS OR CONSULTANTS

(a)    Testifying experts' draft reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes or outlines of draft reports that the testifying expert prepared in other cases be subject to discovery in this Action.

(b)    Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the

testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this Action. No discovery can be taken from any consulting expert who does not testify, except to the extent that consulting expert has provided information, opinions, or other materials to a testifying expert, who then relies upon such information, opinions, or other materials in forming his or her final report, trial or deposition testimony, or any opinion in this Action.

(c)     No conversations or communications between Counsel of Record and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, or trial or deposition testimony in this Action.

(d)     Materials, communications (including email), and other information exempt from discovery under the foregoing Sections shall be treated as attorney-work product for the purposes of this litigation and Protective Order.

## 21. AGREEMENT REGARDING PRIVILEGE LOGS

(a)     The obligation to create and provide privilege logs pursuant to FRCP 26(b)(5) shall not extend to attorney-client privileged communications or attorney work product regarding this litigation created after the filing of this litigation.

## 22. MISCELLANEOUS

(a)     Right to Further Relief. Nothing in this Protective Order abridges the right of any person to seek its modification by this Court in the future. By stipulating to this Protective Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     Termination of Matter and Retention of Jurisdiction. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of

this Action. The Court shall retain jurisdiction after Final Determination of this Action to hear and resolve any disputes arising out of this Protective Order.

(c)   Successors. This Protective Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

(e)   Burdens of Proof. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)   Modification by Court. This Protective Order is subject to further court order based upon public policy or other considerations, and this Court may modify this Protective Order *sua sponte* in the interests of justice. The United States District Court for Eastern District of Texas is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Protected Material, however designated, produced under the protection of this Protective Order shall be resolved by the United States District Court for the Eastern District of Texas.

(g)   Discovery Rules Remain Unchanged. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the

United States District Court for the Eastern District of Texas, or this Court's own orders.

Identification of any individual pursuant to this Protective Order does not make that individual

available for deposition or any other form of discovery outside of the restrictions and procedures

of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for

the Eastern District of Texas, or this Court's own orders.

**SO ORDERED**.

**SIGNED this 18th day of January, 2018.**


AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

## **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order Regarding the Disclosure and Use of Discovery Materials ("Protective Order") in *X-Mobile Technologies LLC, et al. v. ZTE Corporation et al,,* United States District Court, Eastern District of Texas, Sherman Division, Civil Action No. 4:17-cv-696. Having read and understood the terms of the Protective Order, I agree to be bound by the terms of the Protective Order.

1.  My business address is: _____

_____

2.  My present employer is: _____

_____

3.  My present occupation or job description (including my title) is: _____

_____

4.    I will not disclose Discovery Materials marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" to anyone other than persons specifically authorized by the Protective Order, and I agree to return all such materials which come into my possession to counsel from whom I received such materials.

5.    I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Texas for the purpose of enforcement of this Protective Order.

6.    I hereby agree to personally appear before the United States District Court for the Eastern District of Texas for the purpose of enforcement of this Protective Order and/or for the purpose of resolving any issue that might arise in connection with my involvement in this litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Date:          _____

Signature:          _____